IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-CR-36-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EDWIN RICH, | ) | |
| | ) | |
| Defendant. | ) | |

On August 22 and September 15, 2011, defendant Edwin Rich filed motions for "the Docket Sheet, Plea Agreement, and Sentencing Transcripts" in order "to collaterally attack his conviction pursuant to 28 U.S.C., sect. 2255" [D.E. 88, 90]. On July 8, 2002, Rich pleaded guilty pursuant to a plea agreement of one count of receiving, possessing, selling, disposing of, and pledging as security for a loan, a stolen firearm that had been shipped or transported in interstate and foreign commerce, in violation of 18 U.S.C. § 922(j) [D.E. 1, 61] (indictment and plea agreement). On November 12, 2002, the court sentenced Rich to a 57-month term of imprisonment [D.E. 70] (criminal judgment). When sentenced, Rich was serving a state sentence. On November 16, 2010, the federal case was reassigned to the undersigned [D.E. 75]. Rich did not appeal his federal conviction and has not previously filed a section 2255 motion.

The standard by which a court may grant an indigent litigant a transcript at public expense is set forth in 28 U.S.C. § 753(f), which provides in relevant part:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Id.; see United States v. MacCollom, 426 U.S. 317, 326 (1976). The litigant must make a

particularized showing of a need for the documents. See Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152–53 (4th Cir. 1972). Moreover, the litigant is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

The statute suggests that "a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed." United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (per curiam); see United States v. Webb, 54 Fed. App'x 588 (4th Cir. 2003) (per curiam) (unpublished). As noted, Rich seeks a transcript in order to prepare a section 2255 motion.

> Defendant has not shown why he needs court records before he can set forth facts to support a § 2255 motion and has failed to establish that the transcripts, or other documents, are needed for resolution of issues to be raised in the proposed subsequent proceeding. The defendant's request is premature because he has not filed a § 2255 motion. Therefore, the court will deny his motion without prejudice to allow him to refile the motion should he satisfy the requirements [of] § 753(f).

United States v. Santos, Criminal No. 2:03-00194-02, 2007 WL 4166146, at *1 (S.D.W. Va. Nov. 20, 2007) (unpublished).

Accordingly, the court DENIES the motions [D.E. 88, 90] WITHOUT PREJUDICE.

SO ORDERED. This 2**5** day of October 2011.

JAMES C. DEVER III
Chief United States District Judge